**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| DIANE RICHARD-ALLERDYCE, et al., | : | Case No. 1:23-cv-796 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| UNION INSTITUTE | : | |
| AND UNIVERSITY, et al., | : | |
| | : | |
| Defendants. | : | |

---

### ORDER AND OPINION

---

This matter is before the Court on Defendants Donald Feldman and Jeffrey Shepard's Motion to Dismiss (Doc. 23) and Defendants Board of Trustees, the Remaining Board Members, and Karen Schuster Webb's Motion to Dismiss (Doc. 29). Both matters have been fully briefed and are therefore ripe for the Court's review. (*See* Docs. 26-27, 32, 34.) For the following reasons, Defendants Feldman and Shepard's Motion to Dismiss (Doc. 23) is **GRANTED IN PART AND DENIED IN PART** and Defendants Board of Trustees, Remaining Board Members, and Webb's Motion to Dismiss (Doc. 29) is **GRANTED IN PART AND DENIED IN PART.**

### BACKGROUND

Plaintiffs worked as faculty and administrative employees for Defendant Union Institute and University—an Ohio nonprofit organization. (Compl., Doc. 1, ¶¶ 2, 37-38.) Defendants Edgar Smith, Jr., Jeffrey Shepard, Donald Feldman, Roger Allbee, Karen

Biestman, Gladys Hankins, Edwin Marshall, and Christine Van Duelman ("Individual Board Defendants") are or were members of Defendant Board of Trustees of Union.[1] (*Id.* at ¶ 4.) The Individual Board Defendants were charged with overseeing Union's operations, finances, fiscal responsibility, payroll practices, policies, procedures, and the job performance of Defendant Karen Schuster Webb—the president of Union. (*Id.* at ¶¶ 5, 40.) Webb oversaw the agenda of the Board of Trustees. (*Id.* at ¶ 40.) At all relevant times, Webb and the Individual Board Defendants were acting within their respective official capacity as the President or Board of Trustees. (*Id.* at ¶¶ 8-9.)

Webb was hired as Union's President on July 1, 2018. (Compl., Doc. 1, ¶ 29.) Since then, Union has experienced financial troubles. (*Id.* at ¶¶ 29-36.) In June 2023, Plaintiffs and their colleagues took a vote of no confidence in Webb, but the Board of Trustees took no action. (*Id.* at ¶ 41.) Many Plaintiffs renewed their employment contracts with Union for the 2023-2024 academic year. (*Id.* at ¶ 42.) On September 6, 2023, Webb—in her capacity as President of Union—held a town hall event in which she reassured employees that their benefits were still intact. (*Id.* at ¶ 50.) But, unbeknownst to Plaintiffs, their benefits had been retroactively revoked on June 30, 2023. (*Id.* at ¶ 51.) Webb and the Individual Board Defendants knew that Plaintiffs were entitled to payment and benefits for the work they performed. (*Id.* at ¶ 45.) Nevertheless, Plaintiffs have not been paid since at least July 2023. (*Id.* at ¶ 47.)

_____

[1] While the spelling of the Individual Board Defendants' names varies throughout the docket and filings, the Court uses the spelling set forth in the Complaint's case caption. (*See* Compl., Doc. 1, Pg. ID 1.)

On December 5, 2023, Plaintiffs sued Union, the Board of Trustees as an entity, the Individual Board Defendants, and Webb. (*See* Compl., Doc. 1.) Plaintiffs brought claims against Defendants under the Ohio Prompt Pay Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, Ohio law for failure to pay, unjust enrichment, negligence, promissory estoppel, breach of contract, and tortious interference with a contract. (*See id.* at ¶¶ 60-277.) On January 17, 2023, Feldman and Shepard — two of the Individual Board Defendants — filed a motion to dismiss. (*See* Doc. 23.) Then, Defendant Board of Trustees, the remaining Individual Board Defendants, and Defendant Webb filed a motion to dismiss on February 23, 2024. (*See* Doc. 29.)

## LAW & ANALYSIS

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests a plaintiff's cause of action as stated in a complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958 (6th Cir. 2005). A claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept all factual allegations as true and construe them in the light most favorable to the plaintiff. *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). However, courts are not bound to do the same for a complaint's legal conclusions. *Twombly*, 550 U.S. at 555. When a complaint contains sufficient facts to satisfy the elements of an affirmative defense put forth by a defendant, courts may grant dismissal on that basis. *Est. of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013).

Because the pending motions to dismiss touch upon similar arguments, they are considered together. The Court begins with the claims against the Board of Trustees and then turns to the claims against the Individual Board Defendants and Webb.

I.      **Defendant Board of Trustees**

Defendants argue that the Board of Trustees, as a collective entity, should be dismissed because it is not sui juris. (Motion to Dismiss, Doc. 29, Pg. ID 239-40.) Under Ohio law, a board of trustees is not capable of suing or being sued. *Flarey v. Youngstown Osteopathic Hosp.*, 783 N.E.2d 582, 585-86 (Ohio 7th Dist. Ct. App. 2002); *see also Brown v. Univ. of Findlay*, No. 3:15-CV-2687, 2016 WL 1644666, at *1 (N.D. Ohio Apr. 26, 2016). Plaintiffs concede that the Board of Trustees is not a proper party. (Response, Doc. 32, Pg. ID 260.) Therefore, the claims against the Board of Trustees are dismissed.

II.      **Individual Defendants**

The Court will next consider Plaintiffs' claims against the Individual Board Defendants and Webb. (*See* Compl., Doc. 1, ¶¶ 60-277.) Defendants argue that the individual Defendants are immune from liability under the Volunteer Protection Act ("VPA") and Ohio law. (*See id.* at Pg. ID 241-42.) Additionally, Defendants maintain that the Complaint improperly engages in group pleading. (*See* Motion to Dismiss, Doc. 29, Pg. ID 240-41.) The Court will consider each in turn.

a.   **Immunity under the Volunteer Protection Act**

Defendants argue that Webb and the Individual Board Defendants are immune from Plaintiff's claims under the VPA. (Motion to Dismiss, Doc. 29, Pg. ID 241-42.) This federal statute provides that volunteers are not liable for harm they cause while acting on behalf of a nonprofit organization within the scope of their responsibilities, unless they acted willfully, criminally, in a grossly negligent or reckless manner, or exhibited a conscious, flagrant indifference to the rights or safety of another. 42 U.S.C. § 14503. For

4

this provision to apply, the individual must meet the statutory definition of a volunteer—someone performing services for a nonprofit organization who receives no compensation or other thing of value in lieu of compensation. 42 U.S.C. § 14505(6).

"Although a court may grant a motion to dismiss founded upon the assertion of an affirmative defense [such as invoking the VPA], it may do so only if all of the facts necessary to establish the defense are contained within the complaint itself." *Koenig v. USA Hockey, Inc.*, No. 2:09-CV-1097, 2010 WL 4642923, at *3 (S.D. Ohio Nov. 9, 2010); *see also Barney*, 714 F.3d at 926. While Union is a nonprofit corporation (Compl., Doc. 1, ¶ 2), nothing in the Complaint conveys whether the individual Defendants received compensation or anything of value for serving in their roles as President and trustees of the Board. (*See id.*) Thus, the Court cannot dismiss any claim on VPA grounds.

### b. Immunity under Ohio Law

Defendants also argue that the individual Defendants are immune from Plaintiffs' claims under Ohio Revised Code § 1702.55. (Motion to Dismiss, Doc. 29, Pg. ID 241-42.) Ohio law recognizes that "[t]he members, the directors, and the officers of a corporation shall not be personally liable for any obligation of the corporation." Ohio Rev. Code. § 1702.55. A "corporation" under this provision includes "a nonprofit corporation formed under the laws of this state." *Id.* § 1702.01(A). As noted above, Union is an Ohio nonprofit corporation. (Compl., Doc. 1, ¶ 2.) Plaintiffs also concede that the Individual Board Defendants and Webb are "directors" under this provision because they were "vested with the authority to conduct the affairs of the corporation." (Response, Doc. 32, Pg. ID 262); Ohio Rev. Code § 1702.01(K).

5

Notably, the Complaint alleges that "at all relevant times" the Individual Board Defendants were acting in their official capacity as the Board of Trustees, and that Webb was also acting in her official capacity as President. (Compl., Doc. 1, ¶¶ 8-9.) Therefore, each individual Defendant only acted through Union and cannot be held liable for the obligations of Union. *See, e.g.*, *Bishop v. Oakstone Acad.*, 477 F. Supp. 2d 876, 889 (S.D. Ohio 2007) (dismissing claims because plaintiffs failed to allege "that any of the Board Members acted except through the corporation"); *Redden v. Alpha Kappa Sorority, Inc.*, No. 1:09-CV-705, 2010 WL 107015, at *3 (N.D. Ohio Jan. 6, 2010) (holding that individual Board Members cannot be held personally liable because plaintiff failed to allege "that any of the individual Defendants acted except through the corporation").

Plaintiffs argue that Defendants are nevertheless liable under provisions of Ohio law in which directors are obligated to act within the best interest of the nonprofit, and that a corporate officer may be liable for personal involvement in a tort. (Response, Doc. 32, Pg. ID 262-63.) However, Plaintiffs do not provide further analysis or authority for how this would apply to the facts and specific claims alleged here. (*See id.*) The Complaint does not allege breaches of fiduciary duties under state law or that Defendants failed to act within the best interest of Union under Ohio Revised Code § 1702.30. (*See* Compl., Doc. 1.) The reasoning of *Bishop* and *Redden* therefore remains persuasive. *See Bishop*, 477 F. Supp.2d at 888-89 (explaining that to the extent relief is sought from the chief executive officer in her capacity as an agent for the nonprofit, § 1702.55 mandates dismissal); *Redden*, 2010 WL 107015, at *4 (affirming immunity and also noting that non-shareholder

plaintiff lacked standing to bring fiduciary duty claims). Thus, § 1702.55 immunity applies to the individual Defendants.

That said, the Court next considers whether Ohio immunity extends to all of Plaintiffs' claims against the individual Defendants—both state and federal. Given that the parties did not address the interaction between § 1702.55 and the FLSA and ERISA, these federal claims will not be dismissed on immunity grounds at this time. *See Hous. Opportunities Project For Excellence, Inc. v. Key Colony No. 4 Condo. Assoc., Inc.*, 510 F. Supp. 2d 1003, 1014 (S.D. Fla. 2007) (concluding that a state statute immunizing directors from liability cannot bar plaintiffs' federal cause of action); *Martinez v. State of Cal.*, 444 U.S. 277, 284 n.8 (1980) (explaining that state law cannot immunize a defendant from 42 U.S.C. § 1983 claims in light of the Supremacy Clause). Accordingly, the Court concludes that § 1702.55 bars Plaintiffs' state claims but not their federal claims at this juncture.

### c. Pleading Standard as to Remaining Federal Claims

Defendants further argue that Plaintiffs fail to state a claim against individual Defendants because the Complaint groups Defendants together and fails to allege specific acts by the individual Defendants. (Motions to Dismiss, Doc. 23, Pg. ID 175-77; Doc. 29, Pg. ID 240-41.) Taking the Complaint's factual allegations as true and viewing them in the light most favorable to Plaintiffs, the remaining FLSA and ERISA claims provide sufficient notice to the individual Defendants. (*See* Compl., Doc. 1, ¶¶ 102-109, 246-277.) For instance, each individual Defendant is alleged to have failed to pay Defendants despite having control over payroll. (*Id.* at ¶¶ 40, 45-46.) Additionally, each individual Defendant allegedly breached ERISA fiduciary duties by failing to ensure that benefits

7

were provided. (*Id.* at ¶¶ 248-276.) These allegations provide notice to individual Defendants as to the claims and specific acts alleged. *See Igo v. Sun Life Assurance Co. of Canada*, 652 F. Supp. 3d 929, 935 (S.D. Ohio 2023) (rejecting group pleading argument but noting that plaintiff must ultimately prove its case separately against each defendant); *Flarey*, 783 N.E.2d at 585-86 (explaining that board members may be individually liable). Thus, the federal claims against the individual Defendants will not be dismissed at this time.

\*       \*       \*

Plaintiffs' claims against the Board of Trustees must be dismissed because it is not sui juris. Moreover, Plaintiffs' state claims against the Individual Board Defendants and Webb must be dismissed under Ohio Revised Code § 1702.55. Plaintiffs' federal claims, however, may proceed against the Individual Board Defendants and Webb at this time.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1) Defendants Donald Feldman and Jeffrey Shepard's Motion to Dismiss (Doc. 23) is **GRANTED IN PART AND DENIED IN PART**. The state claims against these Defendants are **DISMISSED** while the federal claims **SHALL PROCEED**.

2) Defendants Board of Trustees, Remaining Board Members, and Defendant Karen Schuster Webb's Motion to Dismiss (Doc. 29) is **GRANTED IN PART AND DENIED IN PART**.

   a. All claims against Defendant Board of Trustees are **DISMISSED**.

8

b. The state claims against Edgar Smith, Jr., Roger Allbee, Karen Biestman, Gladys Hankins, Edwin Marshall, and Christine Van Duelman are **DISMISSED** while the federal claims **SHALL PROCEED**.

c. The state claims against Defendant Webb are **DISMISSED** while the federal claims **SHALL PROCEED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND