IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| DIANE RICHARD-ALLERDYCE, | : | Case No. 1:23-cv-796 |
| | : | |
| | : | District Judge Matthew W. McFarland |
| | : | Magistrate Judge Karen L. Litkovitz |
| Plaintiff(s), | : | |
| | : | **RULE 26(f) REPORT OF PARTIES** |
| vs. | : | |
| | : | |
| UNION INSTITUTE AND UNIVERSITY, | : | |
| , ET AL, | : | |
| | : | (to be filed not later than seven (7) |
| | | days prior to the preliminary Defendant(s). |
| | : | pretrial conference) |

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>December 4-9, 2024</u>, and was attended by:

<u>Rachel Guin, Esq.</u>, counsel for plaintiff(s) <u>Diane Richard-Allerdyce, et al.</u>

<u>Robert E. DeRose, Esq.</u>, counsel for plaintiff(s) <u>Diane Richard-Allerdyce, et al.</u>

<u>Sean T. Needahm, Esq.</u>, counsel for defendant(s) <u>Union Institute & Uni. Et al.</u>

_____, counsel for defendant(s) _____

_____, counsel for defendant(s) _____

_____, counsel for defendant(s) _____

2. The parties:

\_\_\_\_ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

 X  will exchange such disclosures by **January 31, 2025**                              .

\_\_\_\_ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

\_\_\_\_ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

 **X**  do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

\_\_\_\_ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

    **Not applicable, Court rule on Motion to Dismiss on 9/27/2024 (ECF No. 39)**

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: **See Paragraph 11.**

6. Recommended discovery plan:

    a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions and (3) prepare for trial:

    _____

    _____

    _____

    b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 40 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

**Plaintiffs propose permitting each side to conduct up to two (2) depositions per plaintiff. However, all non-30(b)(6) depositions will be limited to two (2) hours, must occur within 50 miles of the deponent's residence and conducted via Zoom or Teams as is practicable.**

**Plaintiffs purpose to serve up to 25 interrogatories/request for admissions that apply to all Plaintiffs and up to five unique interrogatories/request for admissions per Plaintiff.**

**Defendants propose that the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Ohio control discovery in this case. Limiting Defendants' ability to conduct discovery on the named plaintiffs is highly prejudicial and materially insufficient to explore the alleged violations of ERISA and FLSA particularly given the dismissal of claims in this case. Furthermore, there is no justification for limiting the written discovery served on Plaintiffs or the length of their depositions. They admittedly held different positions at the University that would be subject to different issues under the remaining federal statutes such that Defendants are entitled to discovery on the applicable facts of the case. If Plaintiffs would like to limit their depositions of the Board Members, we are happy to make those arrangements with counsel.**

    c. Additional recommended limitations on discovery:

    **Plaintiffs are amenable to explore early resolution. However, Plaintiffs will need to know how much insurance coverage is available to cover the claims. Plaintiffs, therefore, would suggest bifurcating discovery into insurance coverage and merits/damages. Merits/damages discovery would be stayed while the parties engage in 120 days of insurance coverage discovery. Once the insurance coverage issue is resolved the Parties can proceed to mediation. If mediation is not successful, the parties will immediately engage in merits/damages discovery.**

    **The Federal Rules of Civil Procedure does not allow for "insurance coverage discovery" and there is no basis to stay the matter to permit such in this case. The applicable insurance policies have been provided to counsel and/or will be identified during the initial disclosures under Federal Rules of Civil Procedure 26(a)(1)(A)(iv) and/or 34. While the Defendants are willing to consider an early resolution through private mediation, it should not operate to delay the case.**

    d. Recommended date for disclosure of lay witnesses.

    **September 15, 2025**

e. Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

**Economic experts as to the financial impact of the damages as to each Plaintiffs. Expert as to corporate misfeasance and malfeasance, and Board fiduciary obligations.**

**Experts should be limited to ERISA fiduciary standards and recoveries, as well as the economic impact of wage issues under the FLSA.**

f. Recommended date for making primary expert designations:

**September 15, 2025**

g. Recommended date for making rebuttal expert designations:

**October 15, 2025**

h. The parties have electronically stored information in the following formats:

The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

**Plaintiffs/Defendants are not aware of any issues at this time**.

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

**Plaintiffs/Defendants are not aware of any issues at this time**.

Have the parties agreed on a procedure to assert such claims **AFTER** production?

    __X__    No

    _____    Yes

    _____    Yes, and the parties ask that the Court include their agreement in an order.

    j.  Recommended discovery cut-off date: **March 12, 2026**

6.    Recommended dispositive motion date: **April 25, 2026**

7.    Recommended date for status conference (if any): **as needed**

8.    Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

**Once the insurance coverage issue is resolved, the parties will proceed to private mediation.**

**Defendants are willing to consider a private mediation during or at the conclusion of discovery.**

9.    Recommended date for a final pretrial conference: **After Court rules on Dispositive motions.**

10.    Has a settlement demand been made? **Not yet**    A response? **Not yet**

Date by which a settlement demand can be made: **30 days after the conclusion of insurance discovery.  Defendants are willing to entertain a written demand after the initial disclosures have been exchanged.**

Date by which a response can be made: **30 days after the demand**

11.    Other matters pertinent to scheduling or management of this litigation:

**Plaintiffs have approximately forty (40) additional Plaintiffs to add to this case. Plaintiffs did not amend while the Defendant's Motion to Dismiss was pending. Plaintiffs will amend the Complaint before January 10, 2025; however, they need guidance form the Court as to how best to preserve our ability to appeal the dismissal of the parties as to certain claims without re-raising the issues in the Amended Complaint.**

**Defendants object to additional amendments and/or the addition of unidentified Plaintiffs given the procedural posture and nature of the case.  Plaintiffs could have amended the complaint as a matter of course under Rule 12(a)(1) but failed to do so. They cannot, now, add parties with unique claims or change the limited claims that are remaining by interposing an amendment. With regard to the FLSA claims,**

**Plaintiffs will have the opportunity to notify potential plaintiffs and allow them to 'opt in' to any negotiated settlement, while there are significant issues of timeliness associated with the events at issue in the Amended Complaint. Allowing an amendment, and the additional of 40 additional plaintiffs, without the opportunity to seek dismissal on potentially time-barred claims would be highly prejudicial. In the event that these additional parties believe they can state a claim upon which relief can be granted, they should be compelled to exhaust their administrative remedies, commence and separate action and allow the Defendants an opportunity to assert the available defenses.**

Signatures:

Attorney for Plaintiff(s):                    Attorney for Defendant(s)

*/s/Robert E. DeRose*                          */s/Sean T. Needham*
Ohio Bar #0055214                              Ohio Bar #0081382
Trial Attorney for Diane Richard-Allerdyce,    Trial Attorney for


*/s/Rachel J. Guin*
IN Bar #31722-22 (*Pro Hoc Vice*)              Ohio Bar #
Trial Attorney for Diane Richard-Allerdyce,    Trial Attorney for


Ohio Bar #                                     Ohio Bar #
Trial Attorney for Diane Richard-Allerdyce,    Trial Attorney for


Ohio Bar #                                     Ohio Bar #
Trial Attorney for Diane Richard-Allerdyce,    Trial Attorney for